George S. Palmer, M. D. Executive Director Board of Medical Examiners Tallahassee
QUESTION:
May the Board of Medical Examiners release to the Monroe County Medical Society the names of each patient whose files were taken by physicians deputized by the board to conduct board investigations in Key West?
SUMMARY:
The State Board of Medical Examiners may not release to the Monroe County Medical Society the names of patients whose treatment files were taken without the authorization or knowledge and consent of the affected patients and without subpoena by physicians deputized by the board in order to conduct a board investigation in Key West.
According to your letter, the president of the Monroe County Medical Society has alleged that certain physicians, who were deputized by the board in order to assist in board investigations, engaged in certain improprieties attendant to their investigations.
The specific allegation of the president of the society was that the physicians deputized by the board took certain patient records of patients treated by other physicians and disseminated this information to the news media without the knowledge and consent of the involved patients. The information in the possession of the society is hearsay and cannot be used as a basis for the society to institute grievance proceedings against the involved physicians. As such, the society has requested the board to release to it the names of each patient whose file or patient record was wrongfully taken by the investigating physician and forwarded to the board.
In AGO 076-225 this office discussed the scope of the exemption found at s. 455.08, F. S., which provides, in pertinent part, that:
 [i]nvestigative reports and records made or received by a board . . . in . . . the Department of Professional and Occupational Regulation shall be exempt from the provisions of s. 119.07, unless the board . . . has found probable cause to commence formal action,
and concluded that all investigative records and reports made or received by the State Board of Accountancy prior to a finding of probable cause to commence formal action are exempted from the provisions of s. 119.07, F. S., pursuant to s. 455.08, F. S., and, therefore, are not available for, or subject to, public examination and inspection prior to a finding of probable cause.
Also pertinent to your inquiry is s. 458.16, F. S., which provides that:
 Any doctor or other practitioner of any of the healing sciences making a physical or mental examination of, or administering treatment to, any person, shall upon request of such person, his guardian, curator, or personal representative in the event of his death, furnish copies of all reports made of such examination or treatment. Such reports shall not be furnished to any person other than the patient, his guardian, curator, or personal representative, except upon the written authorization of the patient, provided, however, that nothing herein shall prevent the furnishing of such reports without such written authorization, to any person, firm, or corporation who with the patient's consent shall have procured or furnished such examination or treatment, and where compulsory physical examination is made pursuant to Rule 1.360, Florida Rules of Civil Procedure, copies of the medical report shall be furnished both the defendant and the plaintiff. (Emphasis supplied.)
Although s. 458.16, F.S., speaks to reports of examination or treatment, I am of the view that the prohibition contained therein contemplates the nondisclosure of the names of patients as well as reports of examination or treatment or other patient records. If this were not the case, it would be obvious that the privacy of individual patients could be infringed in violation of the purpose of the statute merely by ascertaining the identity of the patient. For example, many patients of a psychiatrist, a cancer specialist, or the like would, in all probability, choose to have their doctor's identity as well as their own remain confidential. This is true of many specialists in medicine in which the patients' afflictions can be reasonably ascertained by knowing the name of the treating physician. Accordingly, the name or identity of a patient as well as his or her patient or treatment records or reports is entitled to protection from disclosure pursuant to s. 458.16, F. S., in the absence of written authorization by the patient.
In Morrison v. Malmquist, 62 So.2d 415 (Fla. 1953), the court construed s. 458.16, F.S., to permit a physician to answer questions posed during a trial and ordered answered by a judge, the court interpreting the statute to apply only to copies of reports and not testimony in court. In the instant case, however, it is apparent that the patient or treatment records are protected by s. 458.16, F. S., and copies of such reports or patient records, including names of the affected patients, cannot be released to any person without the patient's account. Thus, if the board did, in fact, by its deputies take such treatment records without the authorization or knowledge and consent of the affected patients, it acted unlawfully and in violation of the patients' statutory privacy rights.
Since the records in question apparently were not received by the board pursuant to the procedure mandated by s. 458.16, F. S., nor subpoenaed pursuant to s. 458.11(3), F. S., it does not appear that such documents lawfully became a part of an investigative record of the board which would be exempted by statute from s.119.07, F. S. However, it likewise does not appear that the records are subject to s. 119.07(1), F. S., since such documents were not received in connection with the transaction of officialbusiness. Simply stated, the board's official business does not include the acquisition or reception of records or documents in a manner prohibited by statute.
Thus, I am of the view that the names of the concerned patients may not be given by the board to the local medical society. Identifying patient or treatment records taken in violation of s. 458.16, F. S., should be returned forthwith to the affected patients or their physicians.
Prepared by: Sharyn L. Smith, Assistant Attorney General